**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ABBOTT LABORATORIES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:13-cv-811-RWS** |
| | ) | |
| **BOSTON SCIENTIFIC CORPORATION and SAMUEL CONAWAY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT STIPULATION OF DISMISSAL**

## 1. Dismissal without Prejudice

a. In exchange for the commitments set forth in the next three sections, Abbott agrees to dismiss without prejudice each of the pending lawsuits in the Northern District of Georgia, styled *Abbott Laboratories v. Samuel Conaway and Boston Scientific Corporation*, No. 1:13-cv-811-RWS (N.D. Ga.); the District of Minnesota, styled *Abbott Laboratories v. Jamal Lewis and Boston Scientific Corporation*, No. 0:13-cv-00575-DWF-TNL; and the Middle District of Florida, styled *Abbott Laboratories v. James Watkins and Boston Scientific Corporation*, No. 3:13-cv-00274-J-99MMH-JRK.

b. The parties agree that a violation of any of the provisions set forth below will give Abbott the right to re-file the lawsuit or lawsuits implicated by the violation. Absent a violation of this agreement, Abbott shall not re-file any of the pending lawsuits.

c. Abbott shall have the right to file a lawsuit for breach of this agreement and, as appropriate, to seek injunctive relief to enforce the terms of this agreement.

d. The prevailing party/parties in any litigation brought to enforce this agreement shall recover their reasonable costs and attorneys' fees incurred in such litigation.

## 2. Noncompetition Issues

a. For the duration of their non-compete agreements with Abbott, Watkins and Lewis will not - directly or indirectly -- market, promote, or sell any Boston Scientific Corporation ("BSC") product to any accounts (including employees or doctors from those accounts) listed on Exhibit A for each former employee. Exhibit A shall not be filed publically, but each party may retain a copy on a confidential basis.

## 3. Confidential Information

a. Watkins and Lewis warrant that they have delivered all of their personal electronic devices to BSC's counsel so that a full forensic analysis on those electronic devices can be performed. The analysis shall be performed as follows:

1. BSC's forensic consultant Mark Lanterman will create a file list of all non-system files on the devices, in Microsoft Excel form. Mr. Lanterman should exclude known system files identified by the National Institute of Standards and Technology ("NIST") in their National Software Reference Library ("NSRL"), which NIST NSRL list can be downloaded at http://www.nsrl.nist.gov/. Alternatively, at Abbott's option, Mr. Lanterman will create a file list of all files (including system files) on the devices. The list provided by Mr. Lanterman shall contain the following information:

| File Name |
|---|
| FileExt |
| Signature |
| Description |
| IsDeleted |
| LastAccessed |
| FileCreated |
| LastWritten |

| EntryModified |
| --- |
| FileDeleted |
| LogicalSize |
| HashValue |
| FullPath |
| ShortName |
| UniqueName |
| OriginalPath |
| SymbolicLink |
| IsOverwritten |

2. BSC shall provide Mr. Lanterman's list to Abbott. Abbott will identify the files from the file list that Abbot wishes to have Mr. Lanterman review, and Mr. Lanterman will review those files to determine if they contain Abbott information. If Mr. Lanterman has any question about whether a file contains Abbott information, Abbott will identify a representative who will review the file to make such determination.

3. If, after completing review of files, it is determined that a device has no Abbott information, then the device may be returned to its owner five (5) business days after BSC notifies Abbott that no information has been found, subject to Abbott's right to request further analysis before such return. If Abbott requests further analysis, the parties shall confer and agree on whether to conduct any further analysis and the manner in which such further analysis shall be conducted.

4. If any Abbott information is found on any device, Mr. Lanterman will provide Abbott, within 48 hours of such discovery, a report detailing the location and all metadata associated with the information, and will return copies to Abbott and then will delete it from the devices and certify that the information has been permanently deleted from the device.

5. Abbott's computer forensics consultants, FTI Consulting, will have the right to consult with Mr. Lanterman regarding his

  methods and scope of his forensic analysis. If FTI advises that it believes further or different methods are warranted, the parties shall confer on whether and how to modify the methods and scope of Mr. Lanterman's analysis.

6. The parties agree to confer and cooperatively craft a method for identifying, returning, and deleting any Abbott information from any email accounts belonging to Watkins and Lewis.

7. All communications regarding the forensic review shall be conducted through counsel.

8. Defendants will bear the cost of all forensic analysis conducted by Mr. Lanterman's firm.

b. Pursuant to the protocol outlined above, BSC will deliver to Abbott any Abbott information discovered on Watkins's and Lewis's electronic devices, and then immediately destroy any such information so that neither Watkins, Lewis, nor BSC shall retain a copy of any such information.

c. Watkins and Lewis will also permanently delete and destroy all emails containing Abbott information stored in any email account which they control or to which they have access.

d. Watkins and Lewis warrant that they have delivered all hard copies of any Abbott documents to BSC's counsel, and they then will immediately destroy any copies of any such documents, so they no longer retain any such documents.

e. Watkins and Lewis warrant that they have not used or disclosed and will not use or disclose any Abbott confidential information for the benefit of any third party including, but not limited to, BSC.

f. BSC warrants that it has not used or disclosed and will not use or disclose any Abbott confidential information obtained, including unintentionally, from Watkins and/or Lewis.

g.  On July 1,2013 and November 1, 2013, Watkins and Lewis will sign and provide to Abbott a sworn affidavit stating that from the date of settlement or the date of the previous affidavit, whichever is applicable, they have not used or disclosed and will not use or disclose Abbott confidential information for the benefit of any third party including, but not limited to, BSC.

h.  Although, as noted above, Boston Scientific may not retain copies of any Abbott documents discovered as part of its investigation, outside counsel for Boston Scientific may retain copies of such documents for one year following the date of this Agreement so long as the documents are maintained in a secure location, solely for the purpose of any litigation brought by the parties to enforce this agreement, and on an outside attorneys' eye only basis, which is limited to the attorneys of record from Faegre Baker Daniels in the pending litigation.

**4. Solicitation**

a.  Conaway and BSC agree that Conaway's non-solicit agreement with Abbott is valid and enforceable.

b.  Conaway, shall not, for two years from January 23, 2012 (the date of his termination with Abbott), directly or indirectly for the benefit of himself or others, solicit or assist in soliciting to work as an employee, independent contractor, partner, or otherwise, any employee of Abbott about whom Conaway acquired knowledge through his employment with Abbott. Such direct or indirect solicitation includes, but is not limited to, disclosing to anyone at Boston Scientific for the purpose of recruitment any information about, for example, the performance, identity and/or contact information of any such Abbott employee. Nothing in this paragraph supersedes Conaway's obligations under his Abbott Employee Agreement or Separation Agreement.

c.  For the term of Conaway's non-solicitation agreement, BSC shall not engage in any efforts to recruit any Abbott employee if the decision to recruit such individual was influenced by information provided by Conaway including, for example, information about the Abbott

       employee's performance, identity and/or contact information.

d. Conaway warrants that he will not use or disclose any Abbott confidential information for the benefit of any third party including, but not limited to, BSC.

e. On July 1, 2013 and on November 1, 2013, Conaway will sign and provide to Abbott a sworn affidavit stating that from the date of settlement or the date of the previous affidavit, whichever is applicable, he has complied with provision 4(b).

f. BSC warrants that it will not use or disclose any Abbott confidential information obtained, including unintentionally, from Conaway.

Dated: March 25, 2013

By: /s/ Warren R. Hall, Jr.
Warren R. Hall, Jr.
Georgia State Bar No. 319405
Hall, Arbery & Gilligan LLP
3340 Peachtree Road, NE
Suite 2570
Atlanta, Georgia 30326
Tel: (404) 442-8776
Fax: (404) 442-8775
whall@hagllp.com

By: /s/ Eric M. D. Zion
Eric M.D. Zion
Georgia State Bar No. 785901
WINSTON & STRAWN LLP
100 North Tryon Street, Suite 2900
Charlotte, NC 28202
Tel: (704) 350-7713
Fax: (704) 350-7800
ezion@winston.com

Robert L. Schnell
Martin S. Chester
Eileen M. Hunter
Faegre Baker Daniels
90 S 7th St # 2200
Minneapolis, MN 55402
Tel: (612) 766-7225
Robert.schnell@faegrebd.com
Martin.chester@faegrebd.com
Eileen.hunter@faegrebd.com

*Attorneys for Boston Scientific Corporation and Samuel Conaway*

James F. Hurst (admitted *pro hac vice*)
Joseph J. Torres (admitted *pro hac vice*)
Cardelle B. Spangler (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
jhurst@winston.com
jtorres@winston.com
cspangler@winston.com

Nancy E. Rafuse
Georgia State Bar No. 621717
Joseph Sharp
Georgia State Bar No. 637965
ASHE RAFUSE & HILL LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Tel: (404) 253-6002
Fax: (404) 253-6060
nancyrafuse@AsheRafuse.com

*Attorneys for Abbott Laboratories*